## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

CINDY CHESNET,

    Plaintiff,

vs.                                            CASE NO.: 6:20-cv-446-Orl-31EJK

CIRCLE K STORES, INC. and JIM
ALVEY,

    Defendants.
_____/

## DEFENDANT, CIRCLE K STORES'S, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, CIRCLE K STORES INC., by and through counsel, hereby serves its Answer and Defenses to Plaintiff's Second Amended Complaint as follows:

1. It is admitted that the jurisdictional amount of this court is sought but denied that damages are appropriate.

2. Unknown and therefore denied.

3. Admit.

4. Denied as worded. However, it is admitted that defendant owned and operated the convenience business referenced in plaintiff's operative complaint.

5. It is admitted that defendant was the employer of co-defendants, Andres Santos and Jessica Ebright on the date of the incident giving rise to this claim. It is denied that Mr. Santos was in the course and scope of employment at the time of the alleged April 29, 2017 incident giving rise to this claim.

6. Unknown and therefore denied.

7. Denied as worded. However, defendant, Circle K Stores, Inc., admits that it owes invitees a duty to maintain the premises in a reasonably safe condition.

## COUNT I – NEGLIGENCE AGAINST CIRCLE K

8. Denied, as defendant denies that it was negligent.

9. Denied.

10. Denied.

## COUNT II - NEGLIGENCE AGAINST ANDRES SANTOS

The allegations in Count II (paragraphs 11–15) do not attempt to state a cause of action against defendant. However, to the extent defendant is implicated, defendant denies each and every allegation contained therein.

## COUNT III - NEGLIGENCE AGAINST JESSICA EBRIGHT

The allegations in Count III (paragraphs 16-19) do not attempt to state a cause of action against defendant. However, to the extent defendant is implicated, defendant denies each and every allegation contained therein.

20. Any and all allegations in plaintiff's second amended complaint not specifically answered are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively asserts that the Plaintiff was guilty of negligence and this negligence was a legal cause of any degree of damages suffered by Plaintiff, if any, and Plaintiff is thereby entitled only to such damages, if any, as were legally caused by the Defendant herein.

### SECOND DEFENSE

Defendant affirmatively asserts that no concealed perils existed on the Defendant's property which could not have been discovered by the Plaintiff through the exercise of due care.

**THIRD DEFENSE**

Defendant affirmatively asserts that no dangers, negligent, or unsafe condition existed at the time and place where Plaintiff allegedly was injured, or if such condition did exist, it did not exist for such a period of time as to have provided actual or constructive notice thereof to Defendant, as a result of which this Defendant is not liable for any damages sustained by the Plaintiff, if any.

**FOURTH DEFENSE**

Defendant affirmatively asserts that the Plaintiff's knowledge of the allegedly dangerous condition was equal to or greater than the Defendant's knowledge, and thus, Plaintiff's recovery is barred.

**FIFTH DEFENSE**

Defendant affirmatively asserts that the Plaintiff's alleged injuries and damages, if any, are the result of pre-existing physical conditions of Plaintiff, for which this Defendant has no liability, and not the result of any negligence as alleged in the Plaintiff's Complaint.

**SIXTH DEFENSE**

Defendant affirmatively asserts that the Plaintiff may not recover any damages for which benefits have been paid or are available from any collateral source as defined by Florida Statutes, §§627.7372, 768.76, 627.727, or as otherwise defined by law.

**SEVENTH DEFENSE**

Defendant affirmatively asserts that the alleged condition that is the subject of this lawsuit was open and obvious, thus, Defendant owed no duty to Plaintiff to warn if the condition existed as alleged by Plaintiff.

## EIGHTH DEFENSE

Defendant affirmatively asserts that Plaintiff has failed to mitigate her damages.

## NINTH DEFENSE

Defendant affirmatively asserts that Plaintiff's Complaint fails to state a cause of action.

WHEREFORE, Defendant, CIRCLE K STORES, INC. seeks the entry of an Order dismissing Plaintiff's Second Amended Complaint, costs, and any other relief this Court deems just. Defendant further requests trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail to: EArando@forthepeople.com and SGonzalez@forthepeople.com; Eduardo Arango, Esquire, Morgan & Morgan, P.A., 198 Broadway Ave., Kissimmee, FL 34741 on November 25, 2020.

/s Robert M. Stoler
Robert M. Stoler, Esquire
Florida Bar No. 816256
Catherine M. Verona, Esquire
Florida Bar No.: 0506559
**STOLER RUSSELL KEENER VERONA**
201 N. Franklin Street, Suite 3100
Tampa, Florida 33602
TEL: (813) 609-3200
Attorneys for Defendant
stolerservice@stolerrussell.com